IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER G. MACDONALD,<br>**Plaintiff** | : | CASE NO. |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| NELSON, WATSON & ASSOCIATES,<br>LLC,<br>**Defendant** | :<br>:<br>: | JUDGE |

### COMPLAINT

AND NOW COMES plaintiff, Alexander G. Macdonald, by his attorney, Joseph K. Goldberg, Esquire, who files this matter for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter the "FDCPA"), and in bringing this action before this Court avers as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Alexander G. Macdonald, is an adult individual now residing in Ohio, but who, at the time defendant committed the acts complained of herein, resided at 2725 Horseshoe Pike, Palmyra, Lebanon County, Pennsylvania 17078.

2. Plaintiff is a "consumer" as defined by § 1692a(3) of the FDCPA.

3. Defendant, Nelson, Watson & Associates, LLC, is a non-Pennsylvania

limited liability company, which operates from its principal location at P.O. Box 1299, Haverhill, Massachusetts 01831.

4. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another.

5. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

6. Jurisdiction in this case is based upon the existence of a federal question pursuant to 28 U.S.C. § 1337. Jurisdiction is also conferred upon this Court by § 1692k(d) of the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

7. The unlawful practices and violations of federal law described herein were committed in the Middle District of the Commonwealth of Pennsylvania. Plaintiff has suffered harm in this District as a result of defendant's wrongful acts. Accordingly, venue is proper in this district.

## FACTUAL BACKGROUND

8. Beginning on or around March 30, 2010, defendant began making attempts to contact plaintiff by telephone as part of its debt collection activities

9. Defendant's attempted contacts consisted of making telephone calls to plaintiff's personal telephone number.

10. For each call made, defendant left a voice mail message on plaintiff's telephone answering system.

11. Defendant made at least 3 such telephone calls.

12. The calls were made on the following dates and times:

| | |
|---|---|
| March 30, 2010 | 10:01 a.m. |
| April 19, 2010 | 8:08 p.m. |
| April 26, 2010 | 8:29 p.m. |

13. All of the telephone calls were made in connection with the attempted collection of a consumer debt.

14. Defendant did not identify itself as a debt collector in any of the voice mail messages.

15. Defendant did not state in any of the voice mail messages that it was attempting to collect a debt.

16. Defendant did not disclose the identity of the company making the telephone calls to the plaintiff.

17. All of the telephone calls originated from the same number, which is 800-910-4598.

18. Upon information and belief, 800-910-4598 is a telephone number regularly used by defendant to contact consumers in connection with the collection of debts.

19. All of the messages requested plaintiff to return the call to 800-213-6305.

20. Upon information and belief, 800-213-6305 is a telephone number belonging to and/or answered by defendant at the time the calls were made.

21. Defendant's communications violate the FDCPA.

## COUNT I
## VIOLATION OF THE FDCPA

22. The averments of paragraphs 1 through 21 are incorporated herein by reference as if fully set forth.

23. The aforesaid acts of the defendant violate the following provisions of the FDCPA:

    a) the placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

    b) the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e & 1692e(10); and

    c) the failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

WHEREFORE, plaintiff respectfully prays that judgment be entered in his favor and against defendant for the following:

    A. Declaratory judgment that defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Statutory damages, pursuant to 15 U.S.C. § 1692k; and,

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

Respectfully submitted,

Joseph K. Goldberg, Esquire
Attorney ID No. 46782
2080 Linglestown Road
Suite 106
Harrisburg, PA  17110
(717)703-3600
Attorney for Plaintiff

Date: 1-28-11